## SIMEON DENNO *v.* J. M. NASH.

*Chattel Mortgage.    Replevin.    Attaching Creditor.    Assignment.*

1. When a creditor of a mortgagor attaches a part of his property covered by a chattel mortgage, and tenders to the mortgagee the amount due to him, and he accepts it and delivers the note and mortgage to the creditor, it effects an equitable assignment of the debt and mortgage.

2. And, if the creditor subsequently obtains an execution against the mortgagor and delivers it with the note and mortgage to an officer, who, under the creditor's directions, takes the property, a part attachable and a part not, into his possession, the mortgagor cannot maintain replevin for that which was exempt.

3. In such case, the court refused to decide whether the creditor had a right to apply any portion of the value of the non-attachable property in reduction of the mortgage debt, to enable him to satisfy his execution out of the excess.

REPLEVIN for horse and cow.    Heard by the court, December Term, 1886, TAFT, J., presiding.    Judgment for the defendant.

It appeared that, after Maynard placed the note and execution in the hands of the defendant constable, he took the property into his possession and held it until replevied. The court found as matter of fact that the note and mortgage were delivered by Everts to Maynard because Everts understood the law required him to do so, and not under an agreement to assign the same to Maynard; and that the rights of Maynard in relation to the note and mortgage were only such as he had acquired under the statute in relation to the attachment of property covered by mortgage. The other facts appear in the opinion.

*Chas. F. Kingsbury*, for the plaintiff.

The right to attach mortgaged personal property is derived from the Revised Laws, ss. 1180 to 1186.

Before the statute a mortgagor's interest in such property could not be reached by attachment. *Norris* v. *Sowles*, 57 Vt. 360; *Budlam* v. *Tucker*, 1 Rich. 389.

The statute, by using the words " *such property* " and " *the same*," limits the attaching creditor's rights to non-exempt property. See ss. 1180 to 1184. And in subrogating him to the rights of the mortgagee only gives him power to sell " *the same*." See s. 1184; Thompson, Homest. & Exemp. ss. 425, 441, 740, 741.

This sale is by virtue of the attachment or execution lien, not the mortgage lien. Sections 1184, 1549, 1977, 1978.

The proceedings are different.

The mortgage and attachment liens cannot co-exist. *Evens* v. *Warren*, 122 Mass. 303.

The statute redeems the non-exempt property, but does not assign the mortgage. *Cochrane* v. *Rich*, 5 Eastern Rep. 531; 142 Mass. 15.

*Tupper & Bliss*, for the defendant.

To prevail, the plaintiff must either have been the legal owner of the property, or entitled to the possession. R. L.

s. 1230; *Langdon* v. *Baxter National Bank*, 57 Vt. 1; *Wills* v. *Barrister*, 36 Vt. 220; *Collamer* v. *Page*, 35 Vt. 391.

He was not the legal owner. *Wood* v. *Dudley*, 8 Vt. 430; *Blodgett* v. *Blodgett*, 48 Vt. 32.

The opinion of the court was delivered by

Ross, J.   Henry D. Maynard, in a suit against the plaintiff, caused to be attached certain articles of personal property which were covered by a chattel mortgage held by A. M. Everts.   In addition to the personal property attached, the mortgage also covered the horse and cow for the recovery of which this suit of replevin is brought.   The horse and cow were exempt from attachment.   The officer making the attachment, in accordance with the provisions of the statute, demanded of Everts a disclosure of the sum due on the mortgage.   Everts made such disclosure.   Maynard then tendered Everts the sum due on the mortgage.   It is needless to inquire, whether, inasmuch as the horse and cow were exempt from attachment, Everts was legally bound to accept the tender. He did accept it, and delivered to Maynard the mortgage and the note secured by it.   Such delivery, at the least, effected an equitable assignment of the debt and the mortgage securing its payment.   If the plaintiff had then settled the suit in which the other mortgaged property had been attached, the mortgaged property would still have been holden for the payment of the debt then in Maynard's hands secured by the mortgage.   This debt was then overdue and the condition of the mortgage broken.   In the mean time Maynard had recovered judgment in the suit in which the other articles of property covered by the mortgage were attached.   He took out an execution on the judgment, and delivered it, with the note and mortgage securing it, which covered the horse and cow in controversy, to the defendant.   The plaintiff thereupon, before a sale of any of the property on the execution, brought this suit and replevied the horse and cow.   The contention is whether

Denno v. Nash.

on these facts he is entitled to maintain the action. We think that he is not. The defendant, as the agent of Maynard, holds the overdue note and chattel mortgage securing its payment. When the condition of the mortgage became broken by the plaintiff's failure to pay' the note as it fell due, the defendant, the holder of the note,—although but the agent of Maynard— was, by the terms of the mortgage, entitled, against the plaintiff, to the possession of all the property covered by the mortgage. This was the legal result flowing from the breach of the condition of the mortgage, regardless of the attachment of a part of the property covered by the mortgage. The defendant, as the agent of Maynard held the mortgage and the debt secured by it, and the plaintiff was no more legally entitled to take the horse and cow covered by the mortgage from him, in a suit of replevin, than he would have been to take it from Everts, if the condition of the mortgage had become broken while in his hands, and he, for that reason, as he lawfully might, had taken possession of the mortgaged property. On these views, the judgment of the County Court for a return of the property was correct,—without considering or deciding the questions which have been pressed upon our attention, in regard to whether Maynard, as an attaching creditor, has a right to apply any portion of the value of the horse and cow in reduction of the debt secured by the mortgage, in order to enable him to satisfy his execution out of the excess of the value of the other mortgaged property above the balance of the mortgage debt. Such questions will be considered and decided, when their decision is necessary to the decision of the case. The judgment of the County Court is affirmed.